(164 App. Div. 370)

ANGLDILE COMPUTING SCALE CO. v. GLADSTONE et al.   (No. 291–91.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE.
     Under Code Civ. Proc. §§ 1775, 1779, 1780, relative to the rights of foreign corporations to sue, a foreign corporation may sue in this state to enforce payment of a claim arising out of a sale of goods within this state.
     [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

2. CORPORATIONS (§ 642*) — FOREIGN CORPORATIONS — "DOING BUSINESS" — RIGHT TO SUE.
     General Corporation Law (Consol. Laws, c. 23) § 15, provides that "no foreign stock corporation  *  *  *  shall do business in this state without having first procured  *  *  *  a certificate that it has complied with all the requirements of the law," and that no such corporation shall

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sue in this state on any contract made within the state without having first procured such certificate. *Held* that, when such section is construed with Tax Law (Consol. Laws, c. 60) §§ 181, 182, 190, relative to the taxation of the business of foreign corporations within the state, the prohibition to "do business" refers to the exercise of corporate franchises within the state, by maintaining a place of business therein as domestic corporations do; and hence it is ordinarily no violation of such statute for a foreign corporation, which is doing its regular business within its home state, to sell goods in this state through a selling agent, without having first procured a certificate, where it maintains no branch of the business or offices within this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**3.** Corporations (§ 673*)—Foreign Corporations—Complaint—Presumption.

Where the complaint in an action for the price of an article sold alleges that plaintiff is a foreign corporation, the presumption is that it is doing business in its own state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2534, 2535, 2557, 2558, 2650; Dec. Dig. § 673.*]

**4.** Corporations (§ 672*)—Action by Foreign Corporation—Complaint—Requisites.

In an action on a contract made in this state by a foreign corporation doing business here, plaintiff should allege these facts, and that before making the contract it procured the certificate required by General Corporation Law (Consol. Laws, c. 23) § 15.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

**5.** Corporations (§ 672*)—Action by Foreign Corporation—Pleading.

Where the complaint in an action by a foreign corporation did not allege that plaintiff was a foreign stock corporation doing business in New York, defendants, if they desired to rely on plaintiff's failure to procure the certificate required by General Corporation Law, § 15, requiring that foreign corporations doing business within the state procure such certificate, should have pleaded the facts bringing the case within such statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

Appeal from Trial Term, Delaware County.

Action by the Angldile Computing Scale Company against R. Willis Gladstone and another. From judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Wagner & Fisher, of Delhi (George A. Fisher, of Delhi, of counsel), for appellant.

B. & C. B. Johnson, of Andes (Charles B. Johnson, of Andes, of counsel), for respondents.

WOODWARD, J. The complaint alleged that the plaintiff was a foreign corporation organized under the laws of the state of Indiana, and in the absence of further allegations it would be presumed that it was doing business within the state of its creation, which fact appears

from the evidence in the case. It then alleges the making and delivery of an order by the defendants for a set of scales to be delivered f. o. b. cars at Elkhart, Ind., and the acceptance of such order and delivery of the scales to the defendants, and a failure on their part to pay for the same according to the terms of the contract.

The answer admits the incorporation of the plaintiff under the laws of the state of Indiana, admits that the defendants were copartners, and then, without denying any of the allegations of the complaint, and without setting up any distinct separate defense, proceeds to allege that the defendants were engaged in business as retailers of meat, that they needed scales, and that "the order signed by the defendants did not constitute all of the contract between these parties," and that the order was signed by them upon the representation of the plaintiff's agent that the scales were accurate and would fill the requirements of the laws of the state of New York, and that the defendants need not accept or pay for the same if they failed to meet the requirements. Then they allege that the scales came to hand, that they were properly set up and adjusted, but that they failed to meet the requirements of the law, were condemned by the local sealer of weights and measures, and that the same were thereupon returned to the plaintiff. This is followed by a declaration that:

The "defendants are not indebted to the plaintiff in the sum of $90, or any other sum, but that the plaintiff is justly indebted to them in the sum of $11.38, being the amount paid at the time of the making of the order and the said freight."

This is the substance of the pleading. Upon the trial the plaintiff put in evidence the written contract between the parties, showed the delivery of the scales, and that there had been no payment upon the same, other than the original payment of $10, and rested. The defendant asked the plaintiff's counsel to admit that the latter was a foreign stock corporation, for the purpose of bringing it within the language of section 15 of the General Corporation Law, and, upon counsel refusing to make the admission, defendants offered in evidence a certificate of incorporation from the secretary of state of Indiana, and this was admitted over the objection and exception of the plaintiff. With this certificate in evidence, showing that the plaintiff was a foreign stock corporation, defendants moved for a nonsuit on the ground that the contract was made within this state, and that the complaint did not allege compliance with the provisions of section 15 of the General Corporation Law. The learned trial court does not appear to have been convinced that the law required a dismissal of the complaint, but, predicating its ruling upon the fact that plaintiff's counsel failed to show authorities for the contrary, granted the motion. The plaintiff appeals from the judgment of nonsuit.

[1] It would seem as though this kind of a defense had been attempted often enough, so that the rules would be fairly familiar to the profession. Section 1779 of the Code of Civil Procedure provides that:

An "action may be maintained by a foreign corporation, in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law."

Section 1775 provides that:

In "an action brought by or against a corporation, the complaint must aver that the plaintiff, or the defendant, as the case may be, is a corporation, must state whether it is a domestic corporation 'or foreign corporation, and, if the latter, the state, country, or government, by or under whose laws it was created."

Thus far the plaintiff in the present action seems to be wholly within the law. There is no suggestion that a foreign corporation doing business within its own state may not come into the state of New York and enforce payment of a claim arising out of a sale of goods within this state. Indeed, it is specially provided in section 1780 that an action may be maintained against a foreign corporation by another foreign corporation, or by a nonresident, in one of the following cases only: " * * * (3) Where the cause of action arose within the state"—thus affirmatively indicating that it is not the policy of this state to deny to suitors the protection of the law in any case where the cause of action arose within this state, unless the corporation has in some manner forfeited the right to such protection. There can be no question that a foreign corporation has a right to sell goods in the state of New York, or that a manufacturing corporation in Indiana has a right to send its agent into the state of New York, there to make contracts for the sale and delivery of its goods, and this right to make such contracts carries with it, by necessary implication, the right to enforce such contracts in the courts of this state, in the absence of lawful limitations upon that right.

[2] Section 15 of the General Corporation Law has nothing to do with a foreign corporation doing business under its charter in its home state, even though it reaches out and makes contracts within the state of New York. The "doing business" referred to in the statute is the exercising of its corporate franchises—the maintaining of a place of business within the state, in the sense that the corporations organized and doing business under the laws of this state maintain such places of business. By section 190 of the Tax Law the state of New York imposes an organization tax of one-twentieth of 1 per centum upon the amount of capital stock which the corporation is authorized to have, and a like tax upon any subsequent increase, and by section 182 "for the privilege of doing business or exercising its corporate franchises in this state every corporation, joint-stock company or association, doing business in this state, shall pay to the state treasurer annually, in advance, an annual tax to be computed," etc. These provisions both relate to domestic corporations, and the provisions of section 181 of the Tax Law, relating to foreign corporations, provide for a license fee "for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state," etc., and section 15 of the General Corporation Law is to be read and understood in connection with these provisions declaratory of the corporate policy of the state.

We have our own corporations subject to certain regulations, involving franchise taxes, etc., and to adequately protect our own corporations it is necessary to make compensating regulations and limitations upon those which are organized under the laws of other states and

come in here to do business in competition with our own corporations. But the language, "doing business," as used in our statutes regulating domestic corporations, is not to have a different meaning as applied to foreign corporations. It is to be construed as intended by the Legislature, and that is to put our corporations upon a comparatively equal footing with those of foreign corporations coming in here to do business, not as an inhospitable and repellant policy, forbidding foreign corporations to carry on their business with our citizens from their own states, on the penalty of being outlawed in our courts. This is entirely evident from a reading of section 15 of the General Corporation Law. It provides:

"No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has *complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation* to *be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state.* * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate," etc.

This provision is simply to protect our own corporations doing business in this state from unfair competition on the part of foreign corporations coming within this state for the purpose of transacting their business as corporate entities, and while it is undoubtedly true that our courts would not permit a violation of the spirit of this statute by any mere manipulation of agents by corporations, as a general proposition there is no violation of this statute where the foreign corporation is doing its regular business within its home state, and is not maintaining a branch of the business, with offices, etc., within this state.

[3-5] Where the complaint, as in the present instance, shows that the plaintiff is a foreign corporation, the presumption is that it is doing business in its own state. If it is, in fact, doing business within the state of New York, in the sense in which that term is used in the Tax Law and the General Corporation Law, then this fact should be pleaded by the plaintiff, and, in connection therewith, it should allege that it had, before the making of the contract, procured the certificate required by section 15 of the General Corporation Law. That is necessary to the statement of a cause of action under the circumstances mentioned. Wood & Selick v. Ball, 190 N. Y. 217, 223, 83 N. E. 21. This certificate is a condition precedent to the right of a foreign stock corporation to do business in this state. Wood & Selick v. Ball, supra. But the making of a single sale, or the making of a series of sales, through a mere selling agent, by means of orders directed to the foreign corporation in its own state, where the goods are delivered to a common carrier of that state under the terms of the contract, is not doing business in the state of New York within the meaning of that language as used in the statute. The corporation not having done business in this state in competition with our own corporations, enjoying the advantages of our large population and facilities for doing business, it was not called upon, as a condition of collecting this $90 debt, to procure a certificate from the secretary of state. The pleading

not having alleged that the plaintiff was a foreign stock corporation doing business in the state of New York, it did not show upon its face that it came within the provisions of the statute, and if the complaint failed to state all of the facts, it was the duty of the defendants, if they wanted to rely upon a statutory defense, to plead the facts which would bring the case within the law. They could not stand by, and with a pleading alleging defects in the goods delivered, put in a plea such as has been sanctioned in this case. If the plaintiff was a foreign corporation doing business in this state, it would,. of course, be necessary to show the authority to do business here; but without that fact appearing in the complaint, and with no allegation of such a fact in the answer, it was entirely improper to grant the defendants' motion for a nonsuit.

In this view of the case, it is not necessary to consider whether the contract was made in this state or not, for the plaintiff, as a foreign corporation, doing business in the state of Indiana, had a clear right to come into the state of New York and sue upon its contract with the defendants, whether that contract was made in Indiana or New York, just as an individual citizen of the state of Indiana would have a right to come in here and enforce the collection of his claim under like circumstances.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; KELLOGG and HOWARD, JJ., in result.