NATIONAL WATCH COMPANY, Plaintiff, *v.* IRVING M. WEISS, Defendant.

(Supreme Court, Erie Trial Term, January, 1917.)

Guaranty — action to recover amount of judgment after return of execution unsatisfied — what creates liability on part of attorney — judgments — default.

> Defendant's attorney wrote to plaintiff's attorney that his client would pay a judgment entered on his default within the next sixty days for which, the letter stated, "you have my personal assurance," but he did not reply to a letter of the plaintiff's attorney accepting the proposition. In an action against defendant's attorney to recover the amount of the judgment after the return of an execution unsatisfied, *held,* that there was nothing in defendant's letter that created any liability on the part of his client; that defendant used the words "personal assurance" in the sense of personal contract and was liable; the consideration of his agreement was the extension of the judgment debtor's time of payment.

MOTION by defendant to set aside a verdict directed by the court and for a new trial.

Warner & Woodin, for plaintiff.

John V. Malony, for defendant.

BROWN, J.  On April 15, 1916, the plaintiff secured a judgment against one Kimmel.  About May 10, 1916, the defendant as attorney for Kimmel made application to open the default upon which the judgment was recovered.  That application was undetermined on May 12, 1916, when the defendant wrote to the plaintiff's attorneys:  '' I advised my client to withdraw his motion to open default in the National Watch Company's case, and pay the amount of the judgment.  My

client will pay this within the next sixty days, for which you have my personal assurance." On May 25, 1916, plaintiff's attorneys wrote defendant: " Referring to your letter of the 12th inst. personally guaranteeing judgment secured by National Watch Company vs. Herman Kimmel, we have submitted same to client, and client accepts your proposition. * * * We hope that payment will be made before the expiration of the sixty days." To this letter defendant never replied. No proceedings were taken by plaintiff to collect the judgment until August 1, 1916, when a transcript thereof was filed in Chautauqua county clerk's office. On August 5, 1916, a transcript of such judgment was filed in Erie county clerk's office and an execution duly issued to the sheriff of that county, in which Kimmel resided; and on September 2, 1916, the execution was returned wholly unsatisfied. By this action, commenced September 8, 1916, the plaintiff seeks to recover the amount of the judgment from the defendant, alleging that by the letter and circumstances above set forth the defendant is liable therefor to the plaintiff as guarantor. The defendant asserts that he gave his personal assurance to the plaintiff to the simple effect that he would use his best efforts to get Kimmel to pay the judgment, or that Kimmel would use his best efforts to pay the judgment, not that he, the defendant, personally would pay in the event that Kimmel should not.

It is clear that the defendant intended that the plaintiff by delaying the enforcement of the judgment for sixty days should have as a reason for such delay the personal assurance of the defendant that the judgment would be paid. Such agreement did not and could not add to or in any way make more definite and certain the liability of Kimmel. There is nothing in the

defendant's letter that creates any liability on the part of Kimmel. Does it create a liability on the part of the defendant? It was said in *Hall* v. *Lauderdale*, 46 N. Y. 74: "In case of written agreements executed by an agent, the agent is, in general, personally bound, if the instrument can have no legal operation against the principal." It is certain that the plaintiff accepted defendant's proposition of delaying enforcement of the judgment for sixty days upon defendant's "personally guaranteeing" the judgment. The fact that defendant failed to reply to the letter of May 25, 1916, and repudiate the interpretation of a personal guarantee therein seems susceptible only, under the circumstances, of being an acquiescence by defendant in such an interpretation. In view of the language used by the defendant indicating a personal obligation on his part, it must be held that he used the words "personal assurance" in the sense of personal agreement or personal contract. The Century Dictionary gives assurance as synonymous with pledge, guaranty or surety. Had defendant said the judgment will be paid in sixty days, for which you have my personal agreement, or for which you have my personal contract, there could be no hesitation in holding that what he intended saying, and what he did say, was, the judgment will be paid in sixty days, for which you have my personal guaranty. The consideration for defendant's agreement was the extension of the judgment debtor's time of payment.

Upon all the evidence the conclusion is reached that the verdict was correct, and defendant's motion to set the same aside must be denied.

Motion denied.