INTERNATIONAL TEXT BOOK COMPANY, Appellant, *v.* RICHARD J. TONE, Respondent.

Foreign corporations — statutes (General Corporation Law, § 15, and Tax Law, § 181) prohibiting actions by foreign corporations in the courts of this state unless prescribed license fees and taxes be paid —when such statutes have no application.

1. The power of a state to exclude a foreign corporation is subject to the limitation that freedom of interstate commerce is not to be impaired. Such a corporation may come here without a license when the purposes of interstate business require its presence, and statutes calling for a license will be construed in subordination to that rule.

2. Where plaintiff, a foreign corporation, engaged in the business of giving instruction by correspondence, has no place of business within this state but agents only, whose sole duty is to solicit pupils whose applications for membership must be sent to the home office for acceptance, no contracts being closed here and no instruction given in this state, the subscribers receiving their instruction from text books, papers and letters sent from the home office, such corporation is engaged in interstate commerce and is not within the purview of section 15 of the General Corporation Law (Cons. Laws, ch. 23) prohibiting an action by a foreign corporation upon any contract made by it within this state unless before the making of the contract it has procured from the secretary of state the certificate prescribed by law, nor is it within the prohibition of section 181 of the Tax Law (Cons. Laws, ch. 60) against the bringing of an action of

any kind by a foreign corporation unless within a stated period after beginning business within the state the prescribed license tax is paid. (*International Text Book Co.* v. *Pigg*, 217 U. S. 91; *International Text Book Co.* v. *Lynch*, 218 U. S. 664, followed.)

*International Text Book Co.* v. *Tone*, 162 App. Div. 930, reversed.

(Argued February 9, 1917; decided March 6, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 3, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Lewis* for appellant. The contract in suit was not made in the state of New York, but in the state of Pennsylvania, hence the defense under sections 15 and 16 of the General Corporation Law is not available to the defendant. (*Hyde* v. *Goodnow*, 3 N. Y. 266; *Meyer* v. *Knights of Pythias*, 178 N. Y. 63; *Zeltner* v. *Irwin*, 25 App. Div. 228; *M. V. Co.* v. *Connell*, 10 Misc. Rep. 553; *T. L. Co.* v. *Holbert*, 5 App. Div. 559; *S. S. Tube Co.* v. *Burgess Gun Co.*, 8 App. Div. 444; *N. Mfg. Co.* v. *Connell*, 88 Hun, 254; *Aultman* v. *Holden*, 169 U. S. 81; *International Text Book Co.* v. *Connelly*, 67 Misc. Rep. 49; 140 App. Div. 939; *Burrows Co.*, v. *Caplin*, 127 App. Div. 318.) This plaintiff is not doing business in the state of New York such as brings this case within the provisions of sections 15 and 16 of the General Corporation Law. (*Hovey* v. *De Long H. & E. Co.*, 211 N. Y. 420; 147 App. Div. 889; *Burrows Co.* v. *Caplin*, 127 App. Div. 317; *St. Albans Beef Co.* v. *Aldridge*, 112 App. Div. 803; *People ex rel. Parker Mills* v. *Comr. of Taxes*, 23 N. Y. 242; *Penn. Collieries Co.* v. *McKeever*, 93 App. Div. 303; *Osborne Co.* v. *Walters*, 155 N. Y. Supp. 434; *Williams* v.

*Golden & Crick,* 93 Atl. Rep. 505; *People ex rel. Brewery* v. *Roberts,* 22 App. Div. 282; *People ex rel. Cotton O. Co.* v. *Roberts,* 25 App. Div. 15; *Page & Co.* v. *Sherwood,* 146 App. Div. 619; *Harvard Co.* v. *Wright,* 99 App. Div. 507.) No defense has been established under section 181 of the Tax Law of this state. (*People ex rel. Pennsylvania* v. *Wemple,* 65 Hun, 252; 138 N. Y. 1; *People ex rel. Chicago* v. *Roberts,* 154 N. Y. 1; *B. Z. M. Co.* v. *Clute,* 7 Misc. Rep. 123.) The application of sections 15 and 16 of the General Corporation Law, or of section 181 of the Tax Law to the plaintiff under the facts disclosed by the stipulation of fact before this court would be a violation of its rights under the interstate commerce provisions of the Constitution of the United States. (*I. T. B. Co.* v. *Pigg,* 217 U. S. 98; *Lyng* v. *Michigan,* 135 U. S. 161; *I. T. B. Co.* v. *Peterson,* 218 U. S. 664; *I. T. B. Co.* v. *Lynch,* 218 U. S. 664; *Singer S. M. Co.* v. *Brickell,* 233 U. S. 304; *Crenshaw* v. *State,* 227 U. S. 389; *M. W. T. Co.* v. *Comm.,* 218 Mass. 558; *Atty.-Genl.* v. *E. S. B. Co.,* 188 Mass. 239; *I. H. Co.* v. *Kentucky,* 234 U. S. 579; *Gilman Bros. Co.* v. *Singer,* 149 N. Y. Supp. 904.)

*Ernest F. Kruse* for respondent. Unanimous affirmance by the Appellate Division of specific findings of fact takes from the Court of Appeals jurisdiction to review the same. (N. Y. Const. art. 6, § 9; Code Civ. Pro. § 191, subd. 4; *Szuchy* v. *H. C. & I. Co.,* 150 N. Y. 219; *Ga Nun* v. *Palmer,* 216 N. Y. 603; *Fox* v. *Proctor,* 217 N. Y. 711.) Under section 15, General Corporation Law, no foreign stock corporation doing business in this state shall maintain any action upon any contract made within the state without having procured the certificate, and it cannot procure the certificate without complying with sections 15 and 16 of said law and section 181 of Tax Law. (*I. T. B. Co.* v. *Pigg,* 217 U. S. 91; *S. C. Oil Co.* v. *Wemple,* 44 Fed. Rep. 24.) When a foreign corporation

comes into this state and transacts its business here it must yield obedience to its laws.    The fact that the plaintiff has property within the state is the deciding factor in the case at bar.    (*Horn Silver Mining Co.* v. *N. Y.*, 143 U. S. 305; *German Am. Coffee Co.* v. *Diehl*, 216 N. Y. 57; *Sinnott* v. *Hannan*, 214 N. Y. 454.)    Thirteen months after beginning business within the state and regardless of where the contract is made section 181 of the Tax Law provides that no action shall be maintained or recovery had without obtaining a receipt for the license fee. (*Southern Oil Co.* v. *Wemple*, 44 Fed. Rep. 24; *Horn Silver Min. Co.* v. *N. Y.*, 143 U. S. 305; *Home Ins. Co.* v. *N. Y.*, 134 U. S. 594.)    Section 181 of the Tax Law is not a burden upon interstate commerce.    (*People ex rel. Park Davis & Co.* v. *Roberts*, 91 Hun, 158; 149 N. Y. 608; 171 U. S. 658; *Ficklen* v. *Taxing Dist.*, 145 U. S. 1; *Palace Car Co.* v. *Pennsylvania*, 141 U. S. 18; *Horn Silver Mining Co.* v. *N. Y.*, 143 U. S. 305; *Pacific Express Co.* v. *Seibert*, 142 U. S. 339; *U. S. F. Co.* v. *Kentucky*, 231 U. S. 394; *U. S. Express Co.* v. *Minnesota*, 223 U. S. 335; *Postal Tel. Co.* v. *Adams*, 155 U. S. 1; *People ex rel. Postal Tel. Co.* v. *Campbell*, 70 Hun, 507; *People ex rel. S. C. Oil Co.* v. *Wemple*, 131 N. Y. 64; *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68.)

Cardozo, J.    The plaintiff, a foreign corporation, has its principal place of business in Scranton, Pennsylvania. From there it gives instruction by correspondence.    It has agencies in New York in charge of division superintendents and assistants.    Their sole duty is to solicit pupils, whose applications for membership must be sent to the home office for acceptance.    No contracts are closed here.    No instruction is given here.    No books are sold here.    The subscribers receive their instruction through text books and papers mailed from Scranton, Pennsylvania.    They send their reports for examination or correction to the same place.    The school is kept alive

by lessons on the one side and reports on the other, transmitted through the mails.

In this school the defendant became a pupil under a written contract. He signed in New York his application for membership, and the plaintiff accepted it in Scranton. He promised monthly payments, which he has failed to make. His defense is that the plaintiff has not complied with section 15 of the General Corporation Law (Cons. Laws, ch. 23) or with section 181 of the Tax Law (Cons. Laws, ch. 60) and is, therefore, unable to maintain this action. Section 15 of the General Corporation Law prohibits an action by a foreign corporation upon any contract made by it in this state unless before the making of the contract it has procured from the secretary of state the certificate prescribed by law. Section 181 of the Tax Law prohibits an action of any kind by a foreign corporation unless within a stated period after beginning business within the state, the prescribed license tax is paid. Moneyed corporations and some others are excepted from both statutes, but the exceptions are not important here. The trial judge sustained the defense, and the Appellate Division has affirmed his ruling.

In that judgment we are unable to concur. The plaintiff was engaged in interstate commerce (*International Text Book Co.* v. *Pigg*, 217 U. S. 91, reversing 76 Kans. 328; *International Text Book Co.* v. *Lynch*, 218 U. S. 664, reversing 81 Vt. 101). It did nothing in New York except in furtherance of that commerce. It solicited orders, which did not ripen into contracts until accepted in Pennsylvania. It fulfilled its contracts by the transmission of information through the medium of the mails. Section 15 of the General Corporation Law and section 181 of the Tax Law are not aimed at such activities. That is now the settled rule (*Hovey* v. *De Long Hook & Eye Co.*, 211 N. Y. 420; *Cummer Lumber Co.* v. *Associated Mfrs. M. F. Ins. Corp.*, 67 App. Div. 151; 173 N. Y. 633; *People ex rel. Tower Co.* v. *Wells*, 98 App. Div. 82; 182 N. Y. 553; *Penn. Col-*

*lieries Co. v. McKeever*, 183 N. Y. 98; *Harvard Co. v. Wicht*, 99 App. Div. 507; *Page & Co. v. Sherwood*, 146 App. Div. 618; *People ex rel. Sherwin-Williams Co. v. Barker*, 5 App. Div. 246; 149 N. Y. 623). Business may be sufficient to subject the foreign corporation that does it to the service of process, and yet insufficient to require it to take out a license. In *Tauza v. Susquehanna Coal Co.* (220 N. Y. 259), decided herewith, this distinction is emphasized. The question before us here is not one of the jurisdiction of courts under the rules of private international law. It is one of statutory construction. We have steadily upheld the right of foreign corporations, without the aid of any license, to engage in activities incidental to commerce between the states.

To read the statutes otherwise would be to condemn them as unconstitutional. They would then be unlawful obstructions of interstate commerce. The Supreme Court has so held in two cases where the plaintiff's contracts were involved (*International Text Book Co. v. Pigg; International Text Book Co. v. Lynch, supra*). There is no substantial distinction between those cases and the one at hand. The power of a state to exclude a foreign corporation is subject to the limitation that freedom of interstate commerce is not to be impaired (*W. U. Tel. Co. v. Kansas*, 216 U. S. 1, 27; *State of So. Car. ex rel. Phœnix Mut. Life Ins. Co. v. McMaster*, 237 U. S. 63; *Sioux Remedy Co. v. Cope*, 235 U. S. 197, 203; *Crenshaw v. Arkansas*, 227 U. S. 389; *Interstate Amusement Co. v. Albert*, 239 U. S. 560; *Marconi W. T. Co. v. Comm.*, 218 Mass. 558, 569; *German-Amer. Coffee Co. v. Diehl*, 216 N. Y. 57, 64). The corporation may come here without a license when the purposes of interstate business require its presence (*W. U. Tel. Co. v. Kansas, supra*). Statutes calling for a license will be construed in subordination to that rule (*Marconi W. T. Co. v. Comm., supra*, at p. 563; *Baltic Mining Co. v. Comm.*, 207 Mass. 381, 390; 231 U. S. 68, 84; *Hovey v.*

*De Long Hook & Eye Co.,* *supra,* at p. 429). If section 181 of the Tax Law were a tax upon property, and not a license tax, or if the plaintiff's activities were not those of interstate commerce exclusively, a different situation would be before us (*Pullman's Palace Car Co.* v. *Pa.,* 141 U. S. 18, 25; *People ex rel. Penna. R. R. Co.* v. *Wemple,* 138 N. Y. 1; *People ex rel. Connecting 1er. R. R. Co.* v. *Miller,* 178 N. Y. 194). The distinction between license taxes and taxes upon property is sometimes a close one. This tax, however, though measured by the amount of capital employed within the state, is by its very terms a license tax. In this it differs from the franchise tax imposed by section 182. It supplements the license scheme of the General Corporation Law, and is limited to corporations authorized to do business under that law. " Its enforcement " is not " left to the ordinary means devised for the collection of taxes " (*Postal Tel. Cable Co.* v. *Adams,* 155 U. S. 688, 695; *St. Louis S. W. Ry. Co.* v. *Arkansas,* 235 U. S. 350, 365), but the forfeiture of the right to sue is the penalty of non-payment (*Sioux Remedy Co.* v. *Cope, supra*). The transactions of interstate commerce are not subject to such restrictions.

The unanimous affirmance at the Appellate Division does not impair our power of review. The nature of the plaintiff's business is established by a stipulation which, by appropriate words of reference, is embodied in the findings.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.