EATONTON COTTON MILLS, INC., Plaintiff, *v.* THE GOODYEAR TIRE
AND RUBBER COMPANY, Defendant, and Three Other Separate
Actions by Different Plaintiffs against the Same Defendant.

Supreme Court, Kings Special Term, December 26, 1924.

**Corporations — foreign corporations — motion to dismiss complaints in
actions on contracts on ground plaintiffs never had obtained certificates
of authority to do business in this State pursuant to Stock Corporation
Law, § 110 — contracts, providing for shipment of merchandise from
plaintiffs' mills in one State across State lines to defendant's factory
in another State, are transactions in interstate commerce — affidavits
disclose no continuity of corporate activity within State — Stock Cor-
poration Law, § 110, not applicable — motion denied.**

The phrase " doing business in this State " implies such a continuity of corporate
activity as is evidenced by the investment of capital within the State, with the
maintenance of an office for the transaction of business and such other incidental
circumstances which attest the corporate intent to avail itself of the privilege
to conduct a business.

Accordingly, defendant's motion to dismiss the complaints in actions on contracts
for the manufacture of merchandise, on the ground that the plaintiffs, foreign
corporations, could not maintain the actions owing to a failure to obtain a
certificate of authority to do business in this State, pursuant to section 110
of the Stock Corporation Law, should be denied, since the said section is not
applicable where it is clear that the contracts, which provide for a shipment
from plaintiffs' mills in one State, across State lines, to defendant's factory in
another State, are transactions in interstate commerce and any activities in
connection therewith, performed within the State, were incidental to the
contracts. Furthermore, plaintiffs' answering affidavits indicate that there is
no such continuity of corporate activity within this State as is contemplated
by section 110 of the Stock Corporation Law.

MOTION to dismiss the complaints upon the ground that the
plaintiffs, foreign corporations, have not capacity to maintain the
actions.

*Folger & Rockwood* [*Henry L. Stimson, N. Otis Rockwood, Allen
T. Klots* and *Arthur E. Pettit* of counsel], for the plaintiffs.

*Cotton & Franklin* [*Edward L. Williams* of counsel], for the
defendant.

LEWIS, J.:

These are motions to dismiss the complaints and set aside all
proceedings by the plaintiffs upon the ground that the plaintiffs
are foreign stock corporations, other than moneyed corporations,
doing business in the State of New York; that the respective actions
are sought to be maintained on contracts; that none of them has ever
secured a certificate of authority from the Secretary of State to
do business in the State of New York under section 110 of the Stock

**212** EATONTON COTTON MILLS, INC., *v.* GOODYEAR T. & R. CO.

Supreme Court, December, 1924. [Vol. 121

Corporation Law; and that, therefore, the plaintiffs have not capacity to maintain the actions.

In an action brought by Eatonton Cotton Mills, Inc., it is alleged that the plaintiff is a Delaware corporation doing business in the State of New York, and that the contract upon which the action is sought to be maintained was originally made in the State of New York by the Eatonton Cotton Mills, a Georgia corporation, which assigned the contract to the plaintiff. That each of the plaintiffs, and, in the case of Eatonton, its assignor, was a foreign corporation is undenied, and that none of the plaintiffs or the assignor of Eatonton ever secured a certificate of authority is likewise undenied.

Assuming (without deciding) that each of the contracts was made within the State of New York, I am unable to subscribe to the view that the plaintiffs were and are doing business within this State within the contemplation of the authorities. In *Penn Collieries Co.* v. *McKeever* (183 N. Y. 98, 102) it is stated: " The policy of our State, as manifested in its laws, is not to impose any unconscionable restrictions upon the transactions of foreign corporations here." And again (at p. 103): " To be ' doing business in this State ' implies corporate continuity of conduct in that respect; such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances, which attest the corporate intent to avail itself of the privilege to carry on a business."

The affidavits in support of this application contain many general statements, much on information and belief, without stating the sources of the information and the grounds of belief, but, in substance, all to the effect that each of the plaintiffs maintains an office in New York city, and that certain individuals were officers thereof; that the output of plaintiffs' mills was sold through its New York office; that supervision of all mill operations came through said New York office, and that the correspondence emanated therefrom, complaints handled through said office, and that books of account were kept thereat. In opposition it sufficiently appears that the mills or factory of each of the plaintiffs is without the State of New York, where each is engaged in the manufacture of fabric; that no office is maintained nor bank account kept in New York, but that business is done through a commission house or commission agent who receives a stated commission for its services; that until the difficulties between the plaintiffs and the defendant arose, the books of the company were kept at the offices of the company in the jurisdiction in which their factories or mills were located, but owing to difficulties between the plaintiffs and

defendant some of the books were brought to the city of New York for the purpose of preparing figures and data in connection with plaintiffs' claim and proceedings that were then pending between the parties. In any event, the only activities which are called to the court's attention within the State of New York are those with reference to (in each case) the one contract between the parties, and such activities are sufficiently explained by the answering affidavits, showing that there is no continuity of corporate activity within the State of New York. Furthermore, the contracts in question provide for a shipment from plaintiffs' mills in one State, across State lines, to the defendant's factory in another State. Such importation from one State to another is a transaction of interstate commerce. (*International Text Book Co.* v. *Pigg*, 217 U. S. 91.) The activities in connection with such contract performed within this State were incidental to such commerce. Section 110 of the Stock Corporation Law, therefore, does not apply. (*International Text Book Co.* v. *Tone*, 220 N. Y. 313.)

The motions are denied.