ROBERT J. STEPHENSON, Appellant, *v.* ERNEST A. WILTSEE, Respondent.

First Department, March 2, 1928.

Corporations — foreign corporations — action by assignee of foreign stock corporation, not a moneyed corporation, to recover on promissory note made here — corporation was doing business here without procuring certificate of authority, under Stock Corporation Law, § 110, prior to making note — question of fact whether it ceased to do business before note was made — if corporation was engaged in foreign commerce, statute is not applicable.

This is an action by the assignee of a foreign stock corporation, not a moneyed corporation, to recover on a promissory note made in this State. Although the foreign corporation was doing business here prior to the execution of the note without a certificate of authority it is a question of fact whether or not it had ceased to do business here, within the meaning of section 110 of the Stock Corporation Law, before the note was given.

The fact that a foreign corporation was doing business in this State at one time without authority does not raise the presumption that it continued to do business here. Therefore, the question whether the plaintiff's assignor was doing business here at the time the note was given should have been submitted to the jury.

Since the plaintiff's assignor is a corporation organized and existing under the laws of Canada a further question was presented for the jury as to whether or not the corporation was engaged in foreign commerce. If it was so engaged then the statute would not bar the plaintiff from maintaining this action. Of course if the transaction out of which the promissory note arose was not foreign commerce but merely incidental thereto then the statute would apply.

APPEAL by plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of March, 1927. ·

*William L. Wemple* of counsel [*Edwin D. Worcester* with him on the brief], for the appellant.

*Carl J. Austrian* of counsel [*Saul J. Lance* with him on the brief; *Kohlman & Austrian*, attorneys], for the respondent.

O'MALLEY, J. Plaintiff's assignor is a stock corporation, other than a moneyed corporation, organized under the laws of the Dominion of Canada. Prior to July 23, 1918, when the note sued on was given, it had been doing business in this State without having secured authority as required by section 15 of the General Corporation Law of 1909 (as amd. by Laws of 1917, chap. 594), revised into section 110 of the Stock Corporation Law of 1923 (as amd. by Laws of 1924, chap. 441.)* Whether it was still doing business when the note was given, or had ceased to do business here for some time prior thereto, fairly presented a question of fact.

The learned trial justice dismissed solely upon the ground that as it was conceded that plaintiff's assignor had once done business here without authority, it was forever after barred from maintaining an action on any contract made here, even though at such time it had ceased to do business. This ruling was based upon the authority of *International Fuel & Iron Corp.* v. *Donner Steel Co.* (242 N. Y. 224).

We think the authority relied upon may not be so extended. It was there held that the making of a single contract within thirty days prior to the foreign corporation's authorization to do business here, did not constitute " doing business " within the purview of the statute. In construing section 110, Judge CRANE, writing, said: " And finally, I would like to call attention to an interpretation of this section of the Stock Corporation Law, which I think has either been overlooked by the courts below, or else not sufficiently emphasized. Taken literally, no corporation doing business in this State shall maintain any action upon any contract unless it procured the certificate prior to the making of the contract. This may be read so as to eliminate altogether the importance of the time when the corporation was doing the business in the State. That is, if a contract be made before the certificate be obtained, but the corporation do no other business within the State until after the procuring of the certificate, this section, taken literally, would prevent any action on such a contract. Here

* Repealed by Laws of 1927, chap. 425, in effect March 30, 1927. See Gen. Corp. Law, § 15 *et seq.*, as added by Laws of 1927, chap. 425.— [REP. ·

would be the case of a corporation doing business in the State, and a contract made before procuring the certificate. But such is not the law. The corporation must be doing business in the State *at the time* of making the contract, or before procuring the certificate. This section does not apply to a corporation which is not doing business, as these words are interpreted, prior to its procuring the certificate."

The words " or before procuring the certificate," contained in the second last sentence in the quotation, are not to be taken literally, but are to be construed in connection with their context. Obviously the court was dealing with the situation then presented. In connection therewith it laid down two conditions necessary to defeat an action upon a contract by a foreign corporation. One was that it must at the time it made the contract be doing business here, or that the contract sued on must have arisen at a time when it was doing business, but before a certificate of authority was finally issued. The italicized words " at the time " must be given their proper significance. Their use, we think, indicates that the court intended to hold merely that it was only upon a contract made at a time when the corporation is actually doing business here without having secured a certificate, that it is precluded from maintaining an action thereon.

Whether the plaintiff's assignor was actually doing business here on July 23, 1918, was a question which required submission to the jury. So, too, there must be submitted the further question of whether, if it was doing business, such consisted of business in the nature of foreign commerce. If so, of course, the statute relied upon by the defendant would have no application. (*Crutcher* v. *Kentucky,* 141 U. S. 47, 57.; *International Text Book Co.* v. *Tone,* 220 N. Y. 313; *International Fuel & Iron Corp.* v. *Donner Steel Co., supra.*) On the other hand, if, as defendant contends, the transaction out of which the note sued upon arose, was not foreign commerce, but a mere incident thereto, the statute would apply. (*Hooper* v. *California,* 155 U. S. 648, 655.)

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.