W. ALBERT SWASEY, Plaintiff, *v.* LOUIS KNOPF and GREAT EASTERN BREWERIES, INC., Defendants.

City Court of New York, Bronx County, July 19, 1933.

*W. Ludlow James*, for the plaintiff.

*Hayes & Sullivan*, for the defendants.

ADLERMAN, J. The defendant is a New Jersey corporation and was organized March 15, 1933, for the purpose of conducting a brewing business. On March 17, 1933, the president, who resided in The Bronx, engaged the services of the plaintiff and negotiations

took place at the president's residence. On March 18, 1933, a meeting of the directors of the corporation took place at the office of the attorney for the corporation in New York city, to discuss the financing of said corporation. Shortly thereafter this suit was instituted and service made upon the president in New York city. At the time of the service of the summons the defendant had not done any regular business in the way of manufacturing or taking orders for the sale of its products, and the company has never done any systematic business in any State other than to attempt to sell its stock, and has not as yet secured title to any property anywhere. All the business to date having to do with the plans of the proposed brewery has been principally negotiated in New York State.

The proposition is clearly established that a foreign corporation may not be served with process outside the State of its creation, unless it is doing business in another State; and doing business under former section 15 (now section 210) of the General Corporation Law means that the business must be conducted with a fair measure of permanence and continuity. However, Chief Judge CARDOZO, in the case of *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259), says: "Activities in this State insufficient to make out the transaction of business within the meaning of section 15 of the General Corporation Law * * * and kindred statutes may yet be sufficient to bring a corporation within the State, so as to render it amenable to process (*International Text Book Co.* v. *Tone*, 220 N. Y. 313)." It seems to me that the case at bar is one of the class of cases that falls within the rule laid down in the above case and I must hold that the service of the summons is sufficient. The defendant has not done any systematic business in any State, and has made a contract with the plaintiff in this State. Its president resides here and all its promoting has been done principally in this State.

The motion to set aside the service of the summons is denied.