REFRIGERATION AND AIR CONDITIONING INSTITUTE, INC., Respondent, v. JOHN H. BOHN, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1942.

Abraham L. Freeman for appellant.

Reuben S. Levins for respondent.

Order affirmed, with $10 costs.

MILLER, J. (dissenting). Defendant became guarantor of an infant's contract. This guarantee was given to induce plaintiff to extend credit to the infant. A supervening act of the Federal Government has rendered performance of the contract by the infant principal an impossibility. The guarantee given by defendant was not exacted by plaintiff to include such an unexpected contingency. The Federal Government considered this contingency so exceptional that no judgment can be enforced against the principal during the emergency which brought this contingency into being. Since plaintiff's remedies are suspended against the principal during the period of this emergency, defendant's plight would seem to fall within the " equity " of the Federal statute (Soldiers' and Sailors' Civil Relief Act of 1940; U. S. Code, tit. 50, Appendix, § 501 et seq.). Independently of this statute, defendant has an equitable defense of impossibility which can be asserted as a defense in an action at law.

I advise reversal on the following Per Curiam: Since plaintiff's remedies are suspended against the principal during the period of the war, defendant's plight as guarantor would seem to fall within the " equity " of the Federal statute (Soldiers' and Sailors' Civil Relief Act). Independently of this statute, defendant has an equitable defense that a supervening act of the Federal Government has rendered performance of the contract by the infant principal impossible.

The order should be reversed, with $10 costs, and motion for summary judgment denied.

McCOOK and McLAUGHLIN, JJ., concur in decision; MILLER, J., dissents in opinion.

Order affirmed.