UTILITIES ENGINEERING INSTITUTE, Plaintiff, *v.* RUDOLF KOFOD, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, October 16, 1945.

*Reuben S. Levins* for plaintiff.

*Arnstein & Schwartz* for defendant.

WHALEN, J.    Plaintiff moves for reargument of its motion for summary judgment heretofore denied.

The action is on defendant's alleged guarantee of payment of the tuition fee under a contract for a correspondence course of instruction between plaintiff and defendant's infant son, Stanley N. Kofod, then twenty years of age.  The contract is dated September 16, 1939, and calls for the payment of $225 in monthly installments of $6 each.  Plaintiff alleges that only $12 has been paid, and that Stanley N. Kofod is in default, in failing to return lessons due October 18, 1939, and in failing to pay installments due since November, 1939.  In September, 1940, Stanley N. Kofod was inducted into the United States Army, at which time he was in default about ten months.

Plaintiff seeks to hold defendant as a guarantor because he signed his name to the following at the end of the contract:

" If applicant is under 21, a parent, guardian or other responsible adult must sign below.,

" For value received, I, the undersigned, hereby approve this application and assure payment of the tuition fee above mentioned.

" Full name — Rudolph Kofod. Address: 1950 Daly Ave., Bronx, N. Y. City. Relationship — Father. Occupation —. Bldg. Supt."

In his answer defendant pleads first a general denial of the material allegations of the complaint; as a first separate defense, that plaintiff is a foreign corporation doing business in this State and not licensed by the Secretary of State, and therefore may not bring this action; as a second separate defense, and requested relief, that his son is in the military service and that this defendant is entitled to a stay under the Soldiers' and Sailors' Civil Relief Act of 1940 (Act, § 201; U. S. Code, tit. 50, Appendix, § 521).

As to the first separate defense, it has been definitely held that a business such as the plaintiff's is conducted under the theory of interstate commerce and is not bound by the State restrictive act. (*International Text Book Co.* v. *Tone,* 220 N. Y. 313.)

As to the second separate defense and requested stay, this court is bound by the case of *Refrigeration & Air Conditioning Institute* v. *Bohn* (185 Misc. 1032 [App. Term, 1st Dept.]). While it is true that the Soldiers' and Sailors' Civil Relief Act was amended as of October 6, 1942, I do not think the amendment affects the principle of the *Bohn* case (*supra*), and I must hold that the defendant is not entitled to a stay. The default of the student was not caused by his induction into military service but occurred ten months before that event. No defense is suggested as to the student except that of infancy against which the guarantee was required.

Under the general denial, defendant, in his answer, and in his affidavit, contends that the instrument he signed does not constitute a guarantee or that it, at least, is ambiguous and presents a triable issue. Defendant claims that the words " assure payment " do not mean " guarantee payment."

We are thus met with the issue as to the meaning of the word " assure ". It is true that the dictionary gives different meanings to the word " assure " dependent on the way it is used.

In the Insurance Law the word " assure " seems to be used interchangeably with the word " insure ". In real property documents it means a warranty. In business documents generally it means a pledge or security.

I have been able to find only one case giving a judicial definition of the word. In *National Watch Co.* v. *Weiss* (98 Misc. 453, affd. 180 App. Div. 916) the court directed a verdict for plaintiff against a lawyer who wrote a letter to plaintiff's attorney giving his " personal assurance " that a judgment against his client would be paid. The court construed the word " assurance " as synonymous with " guarantee ".

In the way in which the word was used here, the word means " guarantee " and all parties must have so understood it.

I have, therefore, come to the conclusion that there is no valid defense to this action. The motion for reargument is granted, the original disposition is set aside, and plaintiff's motion for summary judgment is granted.