Harold Baer, J.
The suit here is on a series of notes and a written guarantee. The defendant has admitted his obligation under the notes and guarantee but raises the affirmative defense that plaintiff is prohibited by section 218 of the General Corporation Law from maintaining this action. The plaintiff, a foreign corporation incorporated in the State of Georgia, admittedly has failed to obtain a certificate of authority pursuant to section 210 of the General Corporation Law.
Section 218 of the General Corporation Law provides as follows : “ A foreign corporation, other than a moneyed corporation, doing business in this state shall not maintain any action *1029 in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority.” The only inquiry here is whether the plaintiff is “ doing business ” within the State so as to bring it within the prohibition of section 218 of the General Corporation Law.
Plaintiff’s name appears on an office door and building directory located in the Empire State Building, as well as in the Manhattan telephone and classified directories. However, there is uncontroverted testimony that the tenant of the office is one Julius Itts & Sons, Inc. (hereinafter referred to as “Itts”), plaintiff’s New York sales representative, and that Itts pays for the rental of the office as well as for the telephone listings. All the furniture and equipment in the office is the property of Itts. Plaintiff has one salaried employee in the Empire State Building office who is paid directly from its plant in Georgia and whose functions can best be described as those of a “ detail man”. Among his other duties, one of his primary functions is to make preliminary credit checks on prospective customers; with final approval on credit, resting in the hands of the plaintiff corporation’s comptroller, who is located at the plaintiff’s plant in Georgia. All of the orders solicited by plaintiff’s sales representative, Itts, are transmitted to Georgia for approval. All merchandise is shipped from the Georgia plant via an interstate carrier, to the plaintiff’s customers in New York. Plaintiff does not maintain a warehouse here nor does it have any inventory here. All billings and invoices originate at plaintiff’s plant in Georgia. Plaintiff maintains no bank account in New York. However, most of the collections are made at the New York office and áre then sent to plaintiff’s factor who is located, in New York City.
Julius Itts, the president of Frank Itts & Sons, Inc., is admittedly a director, stockholder, and officer of the plaintiff corporation ; however, he denies ever having acted in that capacity here. His sole compensation from plaintiff is that which he receives in the form of commissions as plaintiff’s sales representative. There is no evidence of any directors’ or stockholders’ meeting ever having been held here.
At the outset, it should be noted that while a foreign corporation may be considered as present within the State for the purpose of obtaining jurisdiction over it, such a determination does not necessarily carry the conclusion that the corporation is “ doing business ” within the State to the extent of requiring compliance with section 218 of the General Corporation Law (International Text Book Co. v. Tone, 220 N. Y. 313; Tauza v. *1030 Susquehanna Coal Co., 220 N. Y. 259, 267). It should be noted that there is a presumption that a foreign corporation is doing business in its own State and not in New York within the meaning of section 218 of the General Corporation Law requiring a foreign corporation doing business in New York to have a certificate of authority (Angldile Computing Scale Co. v. Gladstone, 164 App. Div. 370, 374; Suss v. Durable Knit Corp., 4 Misc 2d 666, 671; National Mdse. Corp. v. Powers, 8 Misc 2d 881).
It has been held that in construing statutes which license foreign corporations to do business within our borders we are to avoid unlawful interference by the State with interstate commerce. ‘ ‘ The question in such cases is not merely whether the corporation is here, but whether its activities are so related to interstate commerce that it may, by a denial of a license, be prevented from being, here (International Text Book Co. v. Pigg, 217 U. S. 91).” (Tauza v. Susquehanna Coal Co., supra, p. 267.) 1 ‘ A corporation of one State may go into another, without obtaining the leave or license of the latter, for all legitimate purposes of such commerce; and any statute of the latter State which obstructs or lays burden on the exercise of this privilege is void under the commerce clause.” (Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 291.) “ There can be no question that a foreign corporation has a right to sell goods in the State of New York; that a manufacturing corporation in [Georgia] has a right to send its agent into the State of New York, there to make contracts for the sale and delivery of its goods, and this right to make such contracts carries with it, by necessary implication, the right to enforce such contracts in the courts of this State, the absence of lawful limitations upon that right.” (Angldile Computing Scale Co. v. Gladstone, supra, pp. 372, 373.)
There is of course no precise measure of the nature or extent of activities which are determinative of whether a foreign corporation is “ doing business” within this State. Each case must be decided on its own particular facts (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210). While I have been unable to find any case where the facts are similar to those presented here, the law is well settled that to be ‘ ‘ doing business ” in this State implies corporate continuity of conduct in that respect such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business and those incidental circumstances which attest to the corporate intent to avail itself of the privilege to carry on a business (International Fuel & Iron Corp. v. Donner Steel Co., 242 N. Y. 224, 230; Penn Collieries Co. v. McKeever, 183 *1031 N. Y. 98, 103). In other words, it is the exercising of its corporate franchises and maintenance of a place of business within the State in the sense that corporations organized and doing business under the laws of this State maintain such places of business (Angldile Computing Scale Co. v. Gladstone, supra, p. 374).
The purpose of section 218 of the General Corporation Law, and the rationale of the decisions construing it, is simply to protect our own corporations from unfair competition and to place them on an equal footing with foreign corporations. Fairness and justice require that when a foreign corporation comes into our State to conduct business under similar methods and to the same degree it does in its own State, or as do our domestic corporations, that such a corporation should be subject to our laws and regulations as a recompense for the advantages enjoyed by it. On the other hand, where a foreign corporation’s primary contact here is to solicit business or to merely facilitate the sale and delivery of its merchandise in interstate commerce, then such a corporation should be exempt from any burdens which our laws place upon foreign corporations doing business here (Hovey v. De Long Hook & Eye Co., 211 N. Y. 420, 427; Angldile Computing Scale Co. v. Gladstone, 164 App. Div. 370, 374, supra).
A careful analysis of the facts here leaves me with the conviction that under the applicable rules of law the plaintiff does not come within the prohibitions of the statute. That it was engaged in interstate commerce is manifest and undeniable. While its activities here, on their face, seem somewhat more than is encountered in some of the cases cited herein, I find that such activities, when viewed in their totality, can fairly be said to have been in furtherance of and to facilitate such interstate commerce (see International Text Book Co. v. Pigg, 217 U. S. 91, supra; International Text Book Co. v. Tone, 220 N. Y. 313, supra; International Fuel & Iron Corp. v. Donner Steel Co., supra).
Moreover, independent of any constitutional consideration, I find that plaintiff was not doing business within the meaning of section 218 of the General Corporation Law. Its primary connection here was by having a permanent employee and a sales representative, Itts, a domestic corporation which was subject to the laws and regulations of this State. Insofar as plaintiff’s employee is concerned, the record discloses that bis primary duties were to facilitate credit arrangements and help make collections of accounts receivable which were the property of plaintiff’s factor — also a New York concern. All of plaintiff’s *1032 other connections, such as the New York office, telephone listings, New York address on letterheads, etc., were only for the convenience and benefit of Itts, provided by and paid for by Itts.
Judgment for the plaintiff in the amount of $10,625, with appropriate interest, costs and disbursements. Ten days’ stay; 60 days to make a case.