Richard S. Lane, J.
If a foreign corporation does business in New York without a certificate of authority it is precluded from access to our courts unless and until it obtains such certificate and pays all arrears in fees, penalties and taxes (Business Corporation Law, § 1312).
On the eve of trial herein defendant, relying on this statute, moves to dismiss plaintiff’s cause of action. Plaintiff opposes claiming waiver under CPLR 3211 (subd [a], par 3; subd [e]).
This is an action for goods sold and delivered. Plaintiff is a "Pennsylvania paper manufacturer who sold to several New York paper distributors including defendant. During the period in question plaintiff’s Mr. Nolan was regularly in New York with the title "Manager, New York District” and there was an office and telephone listing here in plaintiff’s name. In addition to selling and servicing accounts Mr. Nolan also regularly called upon major ultimate users of papers to promote specification of plaintiff’s products when they ordered labels for their merchandise. Plaintiff never obtained a certificate of authority from the Secretary of State.
No real dispute of fact exists except that plaintiff claims that the office and telephone listing here were maintained not by it but by Mr. Nolan for his individual convenience.
*97 Turning first to the procedural point, there is no waiver worked by the provisions of CPLR 3211, nor by defendant’s interposition of a counterclaim (Ac-Tin-O-Lyte Roofing Co. v Werner, 209 App Div 742; American Can Co. v Grassi Contr. Co., 102 Misc 230, but see Angldile Computing Scale Co. v Gladstone, 164 App Div 370, 375). The Ac-Tin-O-Lyte case (supra) arose before the CPLR but the pertinent provisions of CPLR 3211 were carried over from section 278 of the Civil Practice Act then in effect.
The apparent inconsistency between the Ac-Tin-O-Lyte result and the procedural statutes has been defended on public policy grounds (Yager v Yager, 214 App Div 671; see Bonnell Co. v Katz, 23 Misc 2d 1028, 1031; see Penn Collieries v McKeever, 183 NY 98, 102).
A better view of the Ac-Tin-O-Lyte result, however, is that section 1312 of the Business Corporation Law and its predecessors in the General Corporation and Stock Corporation Laws do not create any disability inherent in the character of the foreign corporation. Hence there is no true legal incapacity to sue (Hooton Chocolate Co. v Star Chocolate Novelties, 63 Misc 2d 482; Ascher Corp. v Horvath, 35 Misc 2d 375). The foreign corporation is not precluded from commencing an action. Once the action is started the foreign corporation is entitled to a presumption that it is doing business in the State of its organization and not here. If that presumption is rebutted, the foreign corporation’s right to "maintain” the action is merely suspended until compliance. Proof of compliance then becomes part of the prima facie case, and the Ac-Tin-O-Lyte result stands for the simple proposition that failure to thus prove a prima facie case can be raised at any time prior to judgment. On the other side of the coin, lack of compliance with section 1312 of the Business Corporation Law can be cured at any time prior to judgment (Hot Roll Mfg. Co. v Cerone Equip. Co., 38 AD2d 339; Dixie Dinettes v Schaller’s Furniture, 71 Misc 2d 102, 104-105; Oxford Paper Co. v S. M. Liquidation Co., 45 Misc 2d 612; Bonnell Co. v Katz, 23 Misc 2d 1028, 1030; Globe Knitwear Co. v Screen Modes, NYLJ, July 15, 1971, p 10, col 1).
Turning now to the substance of the motion, the test of doing business in New York for the purpose of section 1312 of the Business Corporation Law and its predecessors is not the same as doing business here for jurisdictional purposes. They both raise constitutional questions, but the latter involves the *98 due process clause while the former involves the interstate commerce clause. Judge Cardozo himself emphasized this distinction in the seminal Tauza v Susquehanna Coal Co. (220 NY 259, 266-267) and its companion International Text Book Co. v Tone 220 NY 313, 318).
It is often asserted that more is necessary for section 1312 of the Business Corporation Law purposes than for jurisdiction (International Text Book Co. v Tone, supra; Librairie Hachette, S.A. v Paris Book Center 62 Misc 2d 873; Marion Labs. v Wolins Pharmacal Corp., NYLJ, Nov. 24, 1969, p 17, col 7, affd 34 AD2d 895, affd 28 NY2d 884). Lending support thereto and even more frequent are the cases which articulate the test in terms of corporate continuity of conduct here (Penn Collieries Co. v McKeever, 183 NY 98, 103; International Fuel & Iron Corp. v Donner Steel Co., 242 NY 224, 229; Conklin Limestone Co. v Linden, 22 AD2d 63; Laurence Univ. v State of New York, 68 Misc 2d 408, revd other grounds 41 AD2d 463; Dixie Dinettes v Schaller’s Furniture, 71 Misc 2d 102, 103; Bonnell Co. v Katz, 23 Misc 2d 1028, 1030-1031.)
Such articulation even though emanating from most respected sources tends to confuse. The "more” that is required for section 1312 of the Business Corporation Law cases lies not in the quantum but rather in the nature of the business in New York. If the foreign corporation’s contacts here, no matter how extensive, are merely for the purpose of soliciting business and activities incidental to the sale and delivery of merchandise into the State, then the foreign corporation is engaged in interstate commerce and is constitutionally beyond the reach of section 1312 of the Business Corporation Law. If, on the other hand, the foreign corporation is engaged in local business on more than an isolated or accidental basis, it must comply with the statute (International Fuel & Iron Corp. v Donner Steel Co., supra; International Textbook Co. v Tone, 220 NY 313, supra; Hovey v De Long Hook & Eye Co., 211 NY 420; Sirois Leather v Lea-Suede Corp., 44 AD2d 815; Conklin Limestone Co. v Linden, 22 AD2d 63; James Talcott, Inc. v Delaney Carpet Co., 28 Misc 2d 600, affd 14 AD2d 866; Plastic Moulding Power v Marcucilli, NYLJ, June 3, 1965, p 21, col 7, Stafford-Higgins Inds. v Gaytone Fabrics, 300 F Supp 65).
Certainly plaintiff was soliciting and filling interstate orders from New York distributors such as defendant. In addition defendant alleges that plaintiff was regularly promoting its products to ultimate New York users. The purpose was to *99 induce the users to specify plaintiffs products when they placed orders with distributors. Plaintiff not only does not dispute these allegations, but on the contrary appears to substantiate them in correspondence with defendant.
This latter kind of activity has been considered specifically and has been held to constitute local intrastate business requiring compliance with the regulatory statutes of the forum (Lilly & Co. v Sav-on-Drugs, 366 US 276; Marion Labs, v Wolins Pharmacal Corp., NYLJ, Nov. 24, 1969, p 17, col 7, affd 34 AD2d 895, affd 28 NY2d 884). As Mr. Justice Black said in Lilly & Co. (supra, p 282): "The fact that the business of 'inducing’ intrastate sales, as engaged in by Lilly, is primarily a promotional and service business which does not include a systematic solicitation of orders goes only to the nature of the intrastate business Lilly is carrying on, not to the question of whether it is carrying on intrastate business”.
There was a caveat by Mr. Justice Black that he was not passing upon circumstances wherein a foreign corporation was engaged in local business but the suit involved an interstate rather than a local contract. The instant case presents such circumstances. But the apparent loophole left by Mr. Justice Black had earlier been firmly closed by the Supreme Court (Cheney Bros. Co. v Massachusetts, 246 US 147; International Text Book Co. v Tone, 220 NY 313; People ex rel. Pa. R. R. Co. v Wemple, 138 NY 1; Conklin Limestone Co. v Linden, 22 AD2d 63).
Accordingly, the apparent conflict in the papers as to whether the office in New York was maintained by plaintiff or by its salesman as an individual need not be resolved. The motion to dismiss is granted and defendant’s counterclaim severed unless prior to trial plaintiff obtains authority to do business in New York pursuant to sections 1301 and 1312 of the Business Corporation Law. Trial now scheduled for March 19, 1976 at the courthouse at 50 Park Place, New York City, is hereby adjourned to April 26, 1976 at the same place.