(139 App. Div. 566.)

KAULBACH et al. v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. CORPORATIONS (§§ 514, 672*)—ACTIONS—COMPLAINT.

The complaint in an action by a corporation should, as required by Code Civ. Proc. § 1775, allege that it is a corporation, and state whether it is a domestic or a foreign corporation, and, if the latter, the law under which it is incorporated, especially since, under section 1776, the corporation need not prove the incorporation, unless it is properly alleged in a verified answer that it is not a corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2052–2081, 2646; Dec. Dig. §§ 514, 672.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 52*)—COMPLAINT—STATING AND NUMBERING CAUSES OF AC-
TION.

 Where, in an action by individuals and a corporation, the complainants attempted to plead a cause of action in favor of the individuals and another cause of action in favor of the corporation, by showing that the damages sought to be recovered by the individuals were separate from the damages sustained by the corporation, without alleging that by assignment, or agreement, or otherwise, the individuals and the corporation had become mutually interested in the total damages, the complainants should separately state and number the causes of action.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

 Appeal from Special Term, New York County.

 Action by Andrew W. Kaulbach and others against the Knickerbocker Trust Company. From an order denying a motion to require plaintiffs to separately state and number the causes of action attempted to be set forth in the complaint, to strike out certain allegations of the complaint as irrelevant, and to require that certain other allegations be made more definite and certain, defendant appeals. Order reversed, and motion granted in part.

 See, also, 124 N. Y. Supp. 1118.

 Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

 Herbert Barry (Julien T. Davies, on the brief), for appellant.
 H. Melville Walker, for respondents.

 LAUGHLIN, J. It is fairly to be inferred that the plaintiff the Toledo, Michigan & Lake Huron Railroad is a corporation, but the complaint fails to allege what it is. If it be a corporation, section 1775 of the Code of Civil Procedure requires that that fact be alleged in the complaint, and that it be stated whether or not it is a domestic or a foreign corporation, and, if the latter, the law under which it is incorporated. The importance of requiring a compliance with these statutory provisions is shown by section 1776 of the Code of Civil Procedure, under which the plaintiff need not prove the incorporation, unless it be affirmatively alleged in a verified answer that it is not a corporation. Neither this nor the other matters of which the defendant complains can be explained on the theory of inadvertence on the part of the pleader, for a like motion was made with respect to the original complaint, and thereafter the complaint was amended merely by changing the allegation that the defendant was incorporated under the laws of New Jersey into the allegation that it is a domestic corporation, without taking any notice of the objections raised to the complaint by the motion, which necessarily fell with the amendment.

 The learned justice who provided at Special Term, deeming the decision on the former motion stare decisis, entered an order pro forma denying the motion. It is exceedingly doubtful whether the facts pleaded are sufficient to show a cause of action in favor of any plaintiff, and it is quite clear that they fail to show that the plain-

tiffs are all interested in the same cause of action, or in the damages sought to be recovered. It is alleged' that the defendant refused and neglected to cancel bonds of the Toledo, Marshall & Northern Railroad, a Michigan corporation, of the par value of $1,500,000, which had been delivered to it as trustee for certification and issuance, and the mortgage to it to secure the same, on notice from and direction of the obligor and mortgagor and a syndicate composed of one of the individual plaintiffs and three others, which was organized to finance and construct the railroad, and in disregard of such notice and direction certified and issued the bonds, which therefore became a lien "on the rights of way then and now owned by the syndicate and the Toledo, Michigan & Lake Huron Railroad." It is then charged that the plaintiff the Toledo, Michigan & Lake Huron Railroad has succeeded to the ownership and rights of the mortgagor railroad, and has been unable, in consequence of the certification and issuance of said bonds, to finance and construct the railroad, to its damage in the sum of $4,000,000, and that the other plaintiffs "have been put to great expense and loss, to their damage of $1,000,000, making a total loss and damage of $5,000,000."

The complaint contains no statement of the facts showing how or in what manner the individual plaintiffs have been damaged; but, whatever the facts may be which gave rise to these damages, it is, as has been seen, specifically stated that they are separate and distinct from the damages sustained by the other plaintiff, and there is no allegation that by assignment, agreement, or otherwise the parties plaintiff have become mutually interested in the total damages sought to be recovered. Although no cause of action may be sufficiently pleaded, it is manifest that there has been an attempt to plead two separate causes of action, one in behalf of the individual plaintiffs, and the other in behalf of the other plaintiff.

The allegations of the complaint are not sufficiently definite with respect to the causes of action attempted to be pleaded to enable the court to determine whether any of them should be stricken out; but they should be made more definite. The facts with respect to the syndicate agreement, and the rights and interests of the parties thereunder, and the notices alleged to have been given to defendant, particularly connecting defendant with knowledge of the interest of the plaintiffs, and showing a duty on the part of the defendant to the members of the syndicate agreement, are not pleaded. In this respect the complaint should be made more definite. Only one member of the syndicate agreement is a party to the action. It appears that the other individual plaintiff has succeeded to the interests of one of the others of the four members of the syndicate agreement; but it does not appear what the interest of the individual plaintiffs are, and there is no allegation as to what the interests of the two members of the syndicate agreement who are not parties, and who are not shown to have assigned interests, if any, are.

The third paragraph of the complaint should be made more definite with respect to the terms of the trust under which it is claimed the defendant became trustee for the purpose of certifying and issuing

. the bonds of the Toledo, Marshall & Northern Railroad. The sixth paragraph of the complaint should be made more definite by setting forth the facts with respect to the right, title, and interest of the members of the syndicate agreement in the right of way of the Toledo, Michigan & Lake Huron Railroad. The seventh paragraph of the complaint should be made more definite by showing how and in what manner the Toledo, Michigan & Lake Huron Railroad became the successor to the Coldwater, Marshall & Mackinaw Railroad, and to the franchises, rights of way, and property of said railroad, and of the Toledo, Marshall & Northern Railroad, and how and in what manner the Toledo, Michigan & Lake Huron Railroad has ratified and confirmed the notice alleged to have been given by the Toledo, Marshall & Northern Railroad to the defendant to cancel said bonds, and how and in what manner said Toledo, Michigan & Lake Huron Railroad has succeeded to said syndicate agreement.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, to the extent of requiring the plaintiffs to separately state and number the causes of action, and to make the complaint more definite and certain in the particulars specified in this opinion. All concur.