SINGER SEWING MACH. CO. v. FOSTER.

(Supreme Court, Appellate Term. February 15, 1912.)

CORPORATIONS (§ 672*)—CIVIL ACTIONS—DEFENSES—CONDITIONS PRECEDENT—
PLEADING AND PROOF.

A defendant, seeking to avoid liability for rent on the ground that the
debt was contracted with a foreign corporation doing business in the
state without having first procured a certificate from the Secretary of
State, in violation of General Corporation Law (Consol. Laws 1909, c.
23) § 15, must plead and prove that the corporation was doing business
in the state, unless this fact appear from the complaint or the plaintiff's
proof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645-2649;
Dec. Dig. § 672.*]

Appeal from City Court of New York, Trial Term.

Action by the Singer Sewing Machine Company against William
H. Foster. From an order setting aside verdict for plaintiff, plaintiff
appeals. Order reversed, and verdict reinstated.

Argued February term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Verplanck, Prince & Flanders (Henry A. Prince, of counsel), for
appellant.

Walter Underhill, for respondent.

SEABURY, J. The action was for rent. The plaintiff was the
assignee of the Singer Manufacturing Company, a foreign corpo-
ration. The verdict of the jury established the fact that the defend-
ant was liable for the rent sued for. The correctness of this deter-
mination is not disputed upon this appeal. The complaint alleged that
the plaintiff's assignor was a foreign corporation, but neither the com-
plaint nor the answer alleged that the plaintiff's assignor was doing
business in this state. The plaintiff is a foreign corporation and duly
procured from the Secretary of State of New York the certificate pre-
scribed by section 15 of the general corporation law (Consol. Laws
1909, c. 23). A motion to set aside the verdict and for a new trial
was entertained by the learned court below—

"upon the sole ground that it was an error not to permit the defendant to
show that plaintiff's assignor was a foreign corporation doing business with-
in this state at the time the lease, the subject of the action, was made, with-
out complying with section 15 of the general corporation law."

Upon this ground alone the court set aside the verdict and or-
dered a new trial. The learned court below took this action upon the
supposed authority of Wood & Sellick Co. v. Ball, 190 N. Y. 217,
83 N. E. 21. We do not think that the case cited is authority for the
action taken by the court below. That case, as we understand it, is
authority merely for the proposition that, where a foreign stock cor-
poration sues, which is "doing business in this state," compliance with
section 15 must be alleged as a condition precedent to its right to main-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain the action, and that, when the complaint fails to contain such an allegation, it fails to state facts sufficient to constitute a cause of action, and that such an objection is not waived by the failure to raise it by demurrer or answer. We do not understand that that case intended by construction to extend the legislative provision. The purpose of that case was to affirm the necessity for observing that statutory provision.

Assuming that the plaintiff in this action stands in no better position than its assignor, it does not follow that, because the plaintiff's assignor is a foreign corporation, it was doing business in this state. The statute applies only to the case (1) of a foreign stock corporation (2) doing business in this state and (3) suing on a contract made in New York. Unless all of these elements are present, the statute has no application. There is no allegation in the pleadings that the plaintiff's assignor was doing business in New York. Certainly there is no presumption that the plaintiff's assignor was doing business in this state, merely because it was a foreign corporation. As was well said by Mr. Justice Gerard in Singer Mfg. Co. v. Granite Spring Water Co., 66 Misc. Rep. 595, 123 N. Y. Supp. 1088:

"The foreign corporation may be presumed to be a stock corporation (Portland Co. v. Hall & Grant Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821); but it cannot be presumed that, because it is a foreign stock corporation, it is doing business in this state."

When it does not appear, either from the complaint or the proofs, that the foreign stock corporation is doing business in this state, and the defendant seeks to avoid the cause of action alleged, on the ground that such corporation was doing business in this state, it can do so only by pleading this new matter by way of defense and sustaining it by proof. Fuller & Co. v. Schrenk, 58 App. Div. 222, 68 N. Y. Supp. 781, affirmed 171 N. Y. 671, 64 N. E. 1126; St. George Vineyard Co. v. Fritz, 48 App. Div. 233, 62 N. Y. Supp. 775; Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440; Eclipse Silk Mfg. Co. v. Hiller, 145 App. Div. 568, 129 N. Y. Supp. 879.

It follows that, in the absence of such a defense being pleaded, and it not appearing, either from the complaint or the plaintiff's evidence, that the plaintiff's assignor was doing business in this state, the court below correctly excluded evidence offered by the defendant on this point, and that the court erred in setting aside the verdict of the jury.

Order reversed, with costs, and verdict reinstated, with costs. All concur.