HEDGES & BROTHER, Plaintiff, *v.* G. WALTON BUSCH and MERWIN BUSCH, Copartners, Doing Business under the Trade Name of G. WALTON BUSCH & SONS, Defendants.

Municipal Court of New York, Borough of Manhattan, Eighth District, May, 1931.

*Abraham M. Katz,* for the plaintiff.

*Cohn & Jarcko,* for the defendants.

WATSON, J. Defendants move for an order (1) dismissing the complaint herein on the ground that the plaintiff, a foreign corporation, doing business in the State of New York, suing on a contract made within the State and not having obtained a certificate of authority, has not legal capacity to sue, and (2) for a further order requiring security for costs and staying all proceedings on the part of the plaintiff until the giving of such security.

It is alleged in the moving papers that although the plaintiff states in the complaint that it is a New Jersey corporation, it fails to state whether or not it has obtained a certificate to do business in this State. It is further alleged in the said moving affidavit that the complaint purports to state a cause of action based upon the sale and delivery by plaintiff to the defendants of certain goods, wares and merchandise, which sale is part of a larger transaction, covering a period of more than a year ago, wherein the plaintiff, a manufacturer and distributor of plumbing supplies and valves,

employed the defendants to sell such goods for it upon a commission basis. It is also alleged that part of the arrangement between plaintiff and defendants provided also that the defendants might purchase such goods from the plaintiff for its own purposes, and in which case, after accountings were made by the parties, the balance in favor of one or the other would be paid by the debtor.

Defendants assert that the contract between the parties was made in the State of New York and they say that "the plaintiff has been, for several years past, and now is, doing business in this State," and that it has been selling and distributing several thousands of dollars worth of plumbing supplies and valves throughout the State of New York. There are no facts set forth in the moving affidavit which support the foregoing conclusion.

The plaintiff in its opposing affidavit denies that it is doing business in this State within the meaning of the statute, and states that all the plaintiff does is to have salesmen who take orders in the State of New York, which orders are not effective until acceptance thereof by the plaintiff at its office in the State of New Jersey. It is also stated in the opposing affidavit that plaintiff has no factory or warehouse in the State of New York and that it has neither offices nor bank accounts in said State.

The contract referred to is not annexed to the moving papers or to the complaint for the purpose of enabling the court to determine whether or not the same was made within the State of New York. The plaintiff not only denies that it is doing business in this State, but it also avers that the contract sued upon was made without this State. The moving papers are barren of any facts supporting the conclusion that the plaintiff is doing business in the State of New York, without obtaining a certificate of authority so to do. What was said by the court in *Eclipse Silk Manufacturing Co.* v. *Hiller* (145 App. Div. 568, 574) may appropriately be stated here: " But with nothing before the court to show that the plaintiff is a foreign corporation doing business in this State, or that the contract sued upon was made within this State, there was no justification for dismissing the complaint."

To bring the plaintiff within the prohibition of section 218 of the General Corporation Law,* it must affirmatively appear not only that it is a foreign corporation, but also that it is doing business within the State, and also that the contract sued upon was made by it within the State. (*Singer Sewing Machine Co.* v. *Foster,* 75 Misc. 641, 643; *Singer Mfg. Co.* v. *Granite Spring Water Co.,* 66 id. 595.`

---

* Former section 16-g, which was added by Laws of 1927, chap. 425; renum. § 218 by Laws of 1929, chap. 650.— [REP.

Plaintiff concedes that it is a foreign corporation and that defendants are entitled to have security for costs in this action.

The motion to dismiss the complaint is denied, and the same is granted to the extent that plaintiff is directed to deposit with the clerk of this court the sum of fifty dollars as security for costs, and the plaintiff is stayed from further proceeding in this action until such deposit is made. Defendants' time to answer the complaint herein is extended until five days after the service of a copy of the order to be entered herein.