LUCILLE C. DEBREY, Doing Business under the Name of THE SIMPLEX COMPANY, Plaintiff, *v.* WALKER D. HANNA et al., Copartners Doing Business under the Name of BURLINGTON INSTRUMENT COMPANY, et al., Defendants.

Supreme Court, Special Term, New York County, December 9, 1943.

*Spencer A. Studwell* for Walter D. Hanna and others, defendants appearing specially.

*Pennie, Davis, Marvin & Edmonds* for plaintiff.

No appearance for Ernest W. Rowland, defendant.

EDER, J. The moving defendants appear specially for the purposes of this motion. The application is made pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice for judgment dismissing the complaint upon the ground that this court has no jurisdiction of the person of the defendants Charbonneaux, Hanna and Kramer; the moving defendants are sued as a copartnership doing business under the firm name and style of Burlington Instrument Company. The summons and complaint were served on the defendant Rowland personally pursuant to the provisions of section 229-b of the Civil Practice Act, as the person in charge of a part of the business of said defendants within the State of New York, and copies of the summons and complaint were sent by registered mail to said defendants, members of the defendant firm.

It appears from the moving papers that said defendants, other than Rowland, are residents of Burlington, Iowa; that the place of business of said defendant firm is in that city; that all its books and records, bank account, plant, equipment, and, indeed, everything pertaining to its business is located there; that all orders, contracts, etc., must be approved and accepted there and all shipments are made from that city.

The defendant Rowland is engaged independently in business in this city as a solicitant; he earns his livelihood by procuring from divers individuals or concerns orders for the products of various manufacturing concerns; if they are accepted he receives a commission as his compensation; he maintains his own office and pays his own rent and other expenses; no relationship of employer and employee exists between such concerns and himself; he functions independently working for himself, he is not subject to any directions from these manufacturers as in the case of a master and servant relationship; he can do as he pleases with respect to procurement of orders; solicit whom and when he pleases; if he does obtain an order he transmits it to the manufacturer for accept-

ance or rejection; his letterhead describes him as a "Manufacturer's Representative" and on the letterhead, in the margin thereof, is printed the names of some of such manufacturing concerns including the defendant firm; its name also appears on his office door.

As such a solicitor Rowland has in his office catalogues and samples or specimens of the products of defendant firm and orders are solicited by him from such catalogues and samples or specimens; these are at all times the property of the defendant firm; other than the mentioned samples or specimens, defendant firm neither has, maintains, nor carries, any stock of its products either in the office or place of business of Rowland or elsewhere in the state of New York. Rowland has no official connection with the defendant firm except, as stated, in a representative capacity for the procurement of orders for its products.

As I understand the plaintiff's position, such activity of Rowland and the incidents to which I have alluded, constitute being engaged in business in this State within the meaning of section 229-b, the title of which reads "*Service of summons on nonresident natural person doing business in this state*", and which so far as here pertinent, provides: "When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues * * *."

I do not agree with plaintiff's view that what has been mentioned and set forth constitutes being engaged in business in this State within the meaning or purview of section 229-b; this section, in my opinion, was clearly designed to cover a case where the nonresident individual was truly engaged in business in this State, actually so, and not in any such manner as described here. The phrase "engage in business" in the State is simply the equivalent of the phrase "doing business" in this State, used in section 218 of the General Corporation Law, relating to foreign corporations, and the cases relating thereto, arising and decided under section 218, are fully

applicable here. The cases are many that merely soliciting orders within the State which are accepted outside the State, does not constitute doing business within the State; likewise the placing of a name on an office door or the listing of a name in a telephone directory or the keeping of samples here, is not evidence that one is doing business within the State. The law with respect thereto is now so well settled that citation is unnecessary.

Plaintiff has wholly failed to overcome the positive averments of the moving affidavits, to which I have previously referred; the plaintiff, recognizing the weakness of the opposing papers, makes application by way of cross motion for an order to examine the defendant Rowland, as an adverse party, to elicit from him testimony to sustain the claim that the defendants are engaged in business in this State, and requests that the disposition of the motion to dismiss be withheld in the interim; the application to examine Rowland is made pursuant to the provisions of section 288 of the Civil Practice Act. This cross motion is denied; section 288 relates to any matter which is " material and necessary in the prosecution * * * of the action." It is not available for use to obtain testimony to oppose a motion.

The defendants are entitled to the relief sought and the motion to dismiss the complaint is granted on the ground that, for the reasons stated, this court has no jurisdiction of the persons of the moving defendants. Settle order.