Sanford H. Cohen, J.
The plaintiff moves for an order to strike the answer of the defendant and for summary judgment, directing the entry of judgment in favor of the plaintiff against the defendant in the sum of $3,060.96.
The plaintiff is the assignee of the Nicetown Dye Works (hereinafter referred to as “ Nicetown ”), and the complaint alleges that the latter was and is a corporation organized under the laws of the State of Pennsylvania and engaged in the business of commission processing of yarns and textiles generally in that State. That its dye house is located in the city of Philadelphia, Pennsylvania, where the yarns involved and concerned in this action were dyed.
The complaint alleges the performance of the work, labor and services consisting of the dyeing and processing of yarns at the agreed price and reasonable value of $3,060.96 which were itemized and set forth in the schedule annexed to the' complaint and alleges the demand for the payment of the said amount and refusal to pay and the assignment and transfer to the plaintiff by Nicetown of its right, title and interest in the amount claimed and that plaintiff as assignee is the sole person entitled to recover therefor. The answer, by absence of denials, admits the aforesaid claim of the plaintiff; and in a separate and distinct defense, the defendant alleges that the plaintiff’s assignor, Nicetown, is a foreign corporation organized and existing under the laws of the State of Pennsylvania and is doing business within the State of New York and that it did not obtain a certificate of authority to do business in this State and that the *668 contracts sued upon were made by Nicetown in the State of New York.
The affidavit submitted by the plaintiff is made by one Harold Dungan, the secretary of Nicetown, who alleges that he is personally familiar with the facts and sets forth the details of the transaction with the defendant. . The defendant in opposition submitted an affidavit of its president, Edward Weiss, together with a supporting affidavit by Joseph Weiss, its secretary and treasurer. These affidavits are easily reconcilable.
Therefore the question presented is whether Nicetown was doing business within the State of New York, within the purview of section 218 of the General Corporation Law, which would require it to obtain a certificate of authority from the Secretary of State of the State of New York. The affidavit submitted by the plaintiff and the schedule attached to the complaint set forth that the work was performed by Nicetown between May 17 and June 28,1955, consisting of 18 items covered by the same number of invoices. The defendant’s affidavit on this point is in agreement. The plaintiff states that the yarns were dyed in Nice-town ’s mill in the city of Philadelphia, and that these yarns were received by Nicetown, not from the defendant, but were received from the manufacturer, the National Worsted Mills, Inc., which shipped the yarns to Nicetown in Philadelphia for the account of a firm known as the National Spinning Co., Inc., which has no relation to the defendant. Nicetown received its instructions from the National Spinning Co., Inc., to transfer 2,652 pounds of the said yarns to the account of defendant and on May 11, 1955, further instructions to transfer an additional 2,475 pounds which were already in Nicetown’s possession, to the credit of the defendant. A fact not denied by the defendant is that the yarns which were subsequently dyed by Nicetown were in Nicetown’s possession and in its warehouse in Philadelphia when they were sold to the defendant by the National Spinning Co., Inc. The claim of the defendant is that Harold Dungan, the affiant above mentioned and the secretary of Nice-town, solicited these orders during conversations had in negotiation with the president of the defendant.
It is admitted that the orders beginning with May 17 for the dyeing of some of the yarn were sent to the office of Nicetown in Philadelphia up to and including May 27, 1955. The defendant claims that thereafter an order dated June 9 was delivered to aforesaid Harold Dungan in the city of New York by the secretary and treasurer of the defendant, and deliveries were made thereunder on June 17, 21, 22, 23 and 28, referred to in schedule A, attached to the complaint, totaling $245.64. There *669 is therefore the admission on the part of the defendant that insofar as the first 13 items are concerned, those orders were sent to the office of Nicetown in Philadelphia. As to the five items from June 17 to 28, 1955, the defendant’s claim rests wholly on the delivery of the order of June 9 to the aforesaid Harold Dungan in the city of New York on or about the last mentioned date.
A fair and objective evaluation of the entire transaction between the plaintiff’s assignor and the defendant, even though the claim herein arises out of a series of orders given to Nice-town, impels the court to conclusion that the claim herein arises out of one transaction, one overall agreement, rather than a series of transactions, since it matters not whether some of the “ orders ” were communicated in Brooklyn, or sent to Philadelphia, by mail. The mere solicitation of an order, does not, as a matter of law, constitute “ doing business ”. (See National Folding Box Co. v. Bisceglia Bros., N. Y. L. J., Dec. 21, 1950, p. 1675, col. 1; Debrey v. Hanna, 182 Misc. 824, 827.)
In order to defeat a motion for summary judgment when the moving party has complied with the requirements of rule 113, it is necessary for the opponent to set up by affidavit or other proof, evidentiary facts, with reasonable particularity, showing what is claimed to be a real or genuine or in some way what might be termed an arguable defense. Buie 113, it has been held, is not intended to shift the burden of proof. The rule specifically requires a moving affidavit of a person having knowledge of the facts verifying the cause of action. It is only when such prima facie proof is made that judgment may be summarily ordered upon the defendant’s failure affirmatively to show the existence of a triable issue (Lonsky v. Bank of United States, 220 App. Div. 194, 195). A shadowy semblance of an issue is not enough to defeat the motion. It is incumbent upon the defendant at this stage of the action who opposes a motion of this kind to assemble, lay bare and reveal his proofs in order to show that the matters set up in his answer were real and were capable of being established upon a trial. There must be an “ evidentiary showing ” to sustain a defendant’s denial of the plaintiff’s claim; this is indispensable under rule Í13 to defeat the plaintiff’s motion (Anderson v. City of New York, 258 App. Div. 588).
In order to sustain its defense, it is incumbent upon the defendant to state facts, evidentiary facts, which would establish that Nicetown was conducting a continuous business within the State of New York which would bring into operation the provisions of section 218 of the General Corporation Law. The *670 plaintiff has unequivocally stated that it has for 36 years maintained its dye house in the city of Philadelphia, Pennsylvania, for the processing, and dyeing and finishing of knitting yarns and has no office, warehouse, factory, or premises of any kind in the State of New York. It is further stated that Nicetown does not have or maintain a bank account in this State nor has it a listed telephone or any other operations of communications in the State of New York or any other corporate presence. There is a distinction between a corporation being present within the State of New York for the purpose of obtaining jurisdiction over it for the service of process and the doing of business in the State of New York which would require it to obtain a certificate of authority under section 218 of the General Corporation Law; the lack of which would preclude the commencing of a suit by it or its assignee for the collection of a claim such as herein made. General statements with no evidentiary facts in support thereof are insufficient. The defendant sought to supplement the lack of such facts by the statement in one of its affidavits that, “ Upon information and belief your deponent has been advised that the said Nicetown Dye Works has a considerable number of accounts with other concerns in the State of New York for work done by Nicetown Dye Works.” This last statement is not a statement of fact nor is it a statement with knowledge (Gnozzo v. Marine Trust Co. of Buffalo, 258 App. Div. 298, affd. 284 N. Y. 617). The above extract from the affidavit of the defendant does not show any evidentiary facts to support its contention, nor has it in any way indicated the source of its knowledge or information or that it has in any way investigated its claim that Nicetown had a considerable “ number of accounts with other concerns in the State of New York.” This, of course, is far from demonstrating that Nice-town was doing business with other concerns in the State of New York.
Reconciling the affidavits submitted on behalf of both parties, and having, as above indicated, disposed of the general allegations in the defendant’s affidavits of the conclusory statement made on “ information and belief ”, the plaintiff and the defendant are in substantial agreement on the essential facts.
The delivery of the yarn, after the services were rendered, from Philadelphia, Pennsylvania, to the defendant’s place of business in Brooklyn, New York, to that extent was an interstate transaction.
An order mailed or given to a foreign corporation outside the State creates of itself no inference that the corporation was doing business in the State of New York. To be “ doing busi *671 ness ’ ’ in this State implies a continuity of conduct, a systematic and regular course of conduct, in furtherance of its normal business dealings, rather than an isolated transaction or a casual or occasional transaction of a temporary character. In Debrey v. Hanna, (182 Misc. 824, 827) it was said (Eder, J.): “ The cases are many that merely soliciting orders within the State which are accepted outside the State does not constitute doing business within the State ”. Here, too, the affidavits merely indicate a mere solicitation of an order, even accepting the defendant’s version of the transaction, with a claim of delivery of an order for a small part of the work to the secretary of the plaintiff in Brooklyn, New York. There is no showing of Nicetown’s acceptance of the order at that time and place (People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159, 165; Penn Colleries Co. v. McKeever, 183 N. Y. 98, 103). In International Text Book Co. v. Tone (220 N. Y. 313, 318) the distinction between service of process on a foreign corporation allegedly “ doing business here ” and the “ doing business ” which gives rise to the requirement to take out a license is made by Judge Cabdozo where it was stated: “Business may be sufficient to subject the foreign corporation that does it to the service of process, and yet insufficient to require it to take out a license. In Tausa v. Susquehanna Coal Co. (220 N. Y. 259), decided herewith, this distinction is emphasized. The question before us here is not one of the jurisdiction of courts under the rules of private international law. It is one of statutory construction. We have steadily upheld the right of foreign corporations, without the aid of any license, to engage in activities incidental to commerce between the states.”
In International Fuel & Iron Corp. v. Donner Steel Co. (242 N. Y. 224) the inapplicability of the requirement for obtaining a license under analogous circumstances was demonstrated, citing with approval a number of the cases referred to in this opinion.
The presumption is that the foreign corporation is doing business in its own State. There is no showing in the affidavits of the defendant to overcome this presumption or even to indicate that the plaintiff’s assignor is maintaining a place of business in the State of New York or in any way “ doing business ” here within the purview of section 218 of the General Corporation Law (Angldile Computing Scale Co. v. Gladstone, 164 App. Div. 370; see, also, M. M. Mades Co. v. Gassman, 77 N. Y. S. 2d 236; Hedges & Brother v. Busch, 141 Misc. 493; National Folding Box Co. v. Bisceglia Bros., supra). It seems to the court that the affidavits submitted by the defendant are *672 barren of any showing of evidentiary facts that Nicetown is doing business in this State. Moreover, the defendant did not even set forth what efforts were made to substantiate the naked claim, alleged ‘ ‘ upon information and belief ’ ’ that Nicetown has a number of accounts in this State; nor did it show that it made any investigation to support this alleged claim. The affidavits submitted by the defendant are legally insufficient and inadequate to persuade the court to deny this motion. The purpose of rule 113 was to avoid delay in the enforcement of valid claims and has been extended in its scope by amendments which emphasize the legislative intent on that question. That intention should not be frustrated under the present condition of the court calendars by an alleged defense which is not supported by the necessary facts to warrant a denial of the motion of the plaintiff for the relief requested.
Nicetown, in the opinion of the court, is wholly within the law and there is no suggestion that it, as a foreign corporation, was doing business within the State of New York, considering the affidavits submitted here. In conclusion it is the considered opinion of the court that the affidavit in opposition does not contain sufficient evidentiary matter and statements of fact from personal knowledge to demonstrate that there is a bona fide defense to the claim herein.
Therefore, the answer is stricken. The clerk is directed to enter judgment as prayed for with interest and costs. The defendant is granted a 10 days’ stay of execution.