William R. Brennan, Jr., J.
Two defendants (Edward Mardovich and Dojay Enterprises, Inc.) move for an order requiring the plaintiff, concededly a foreign corporation, to post security for costs; and to dismiss the complaint, prior to answer, on two grounds, the first a failure to plead “ the state, country or government by or under whose laws the party was created ” (CPLR 3015, subd. [b]), and the second that the plaintiff lacks capacity to sue (CPLR 3211, subd. [a], par. 3).
The summons states that the plaintiff’s address is in Los Angeles. The complaint alleges that it is a foreign corporation “ located ” in that city. There is neither claim nor proof that the plaintiff is a foreign corporation licensed to do business in the State; and the plaintiff’s attorneys say that it does not resist that branch of the motion seeking security for costs. Consequently, it is granted and such security is fixed at the sum of $400.
The application for dismissal of the complaint for failure to plead the State of incorporation of the plaintiff is denied. Even under prior practice codes, it was held that an omission from the complaint of an allegation as to the State of incorporation did *655 not make the complaint demurrable or, later, subject to a motion to dismiss (Fraser v. Granite State Provident Assn., 8 Misc. 7; Ochs v. Frey, 47. App. Div. 390), although the issue, might be raised by answer or corrective motion (id.; see, also, Kaulbach v. Knickerbocker Trust Co., 139 App. Div. 566). Moreover, the present statutory guideline is that “ defects [in a pleading] shall be ignored if a substantial right of a party is not prejudiced ” (CPLR 3026).- The moving affidavit relies solely upon the fact of omission rather than any consequence resulting therefrom and does not even contain a pro forma allegation of prejudice. It follows that this branch of the motion must be denied.
The challenge to the plaintiff’s capacity to sue involves section 1312 of the Business Corporation Law which provides: “ A foreign corporation doing business in this state without authority shall not maintain any action * * * in this state unless and until such corporation has been authorized to do business in this state ”. It does not appear on the face of the complaint that the plaintiff does business in this State. Nor does this fact appear from the moving papers (CPLR 3211, subd. [c]). There is no presumption that the plaintiff was doing business in this State merely because it is a foreign corporation (Singer Sewing Mach. Co. v. Foster, 75 Misc. 641, 643). On the contrary, the presumption is that a foreign corporation conducts its business in the State of its organization (Ascher Corp. v. Horvath, 35 Misc 2d 375, 377). It follows that where it does not appear from the complaint or proofs that the foreign corporation is doing business in this State, and the defendants seek to avoid the cause of action alleged on the ground that such corporation was doing business in this State, they can do so only by pleading the new matter by way of defense and sustaining it by proof (Singer Sewing Mach. Co. v. Foster, supra; Ascher Corp. v. Horvath, supra; General Knitting Mills Y. Rudd Plastic Fabrics Corp., 212 N. Y. S. 2d 783). This disposition is, of course, without prejudice to setting forth the appropriate allegations in the answer as a defense (Ascher Corp. v. Horvath, supra).