OPINION OF THE COURT
John G. Turner, J.
Upon the notice of motion to dismiss complaint pursuant to CPLR 3211 (subd [a], pars 2, 3, 7), or in the alternative for a stay pursuant to CPLR 2201, and upon the affidavit of Mario J. Lapetina, Esq., sworn to the 29th day of August, 1979, in favor of the motion, and upon the affirmation of Robert H. Bixby, Esq., affirmed the 11th day of September, 1979, in opposition, the court, after hearing counsel for both the movant and the opponent, and after examining the complaint, answer, amended answer, all other pleadings, and the papers in a previously denied motion for summary judgment, the court finds the following:
Dismissal upon the provisions of CPLR 3211 (subd [a], par 3) is now untimely and is deemed waived.
Dismissal upon the grounds as set forth in CPLR 3211 (subd [a], pars 2, 7), though not untimely and not waivable, is denied, as is the request for a stay.
Prior to the passage of section 1312 of the Business Corporation Law, a complaint, such as the pleading in this case, which did not allege the contract was made in New York State, by a foreign corporation, was not demurrable. It was presumed the complaint was sufficient. The court was precluded from speculating as to what the proof upon trial may or may not establish. (National Merchandising Corp. v Powers, 8 Misc 2d 881; General Corporation Law, § 218; Rules Civ Prac, rule 106.)
Under the new CPLR 3211 (subd [a]) the presumption is carried over. It cannot be presumed that plaintiff was doing business in this State merely because it was a foreign corporation. (Dari-Delite v Priest & Baker, 50 Misc 2d 654.)
The court cannot determine from all of the conflicting papers and pleadings herein, as a fact, that the plaintiff does business in the State under section 1314 of the Business Corporation Law.
It follows, therefore, where it does not appear either from the complaint or the motion papers that the foreign corporation is doing business in this State, that the motion of the *997 defendants for a CPLR 3211 (subd [a]) dismissal must be denied, the matter being left to new matter to be pleaded as a defense and sustained by trial proof. (See Dari-Delite v Priest & Baker, supra.)
The Business Corporation Law, section 1312 defect, if any there is, can be cured anytime prior to judgment. (Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d 95.) To hold otherwise would deny access to the courts of New York by plaintiff foreign corporation, a violation of the commence clause of the United States Constitution (US Const, art I, § 8, cl 3).